IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WILLIE GEORGE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 317-002 |
| | ) |
| PHILLIP HALL, Warden/Superintendent; | ) |
| JACOB BEASLEY, CERT Team Sergeant; | ) |
| and JORGE CASTRO, Ex-CERT Team | ) |
| Officer, | ) |
| | ) |
| Defendants. | ) |

_____

**O R D E R**
_____

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and is proceeding *pro se* and *in forma pauperis* ("IFP"). On February 8, 2017, the Court screened Plaintiff's complaint and directed service of process on Defendants Hall, Beasley, and Castro based on Plaintiff's allegations of deliberate indifference to his safety. (See doc. no. 7.) On April 10, 2017, Defendants filed a pre-answer motion to dismiss and a motion to stay discovery. (Doc. nos. 18, 19.) Plaintiff opposed the motion to dismiss and requested to amend his complaint. (Doc. nos. 21, 22.) The Court stayed discovery pending resolution of the motion to dismiss, granted the motion to amend, and directed Plaintiff to file his amended complaint within fourteen days. (Doc. no. 26.)

Plaintiff complied with the Court's instructions and has filed his amended complaint. (Doc. no. 30.) As the Court previously explained to Plaintiff, the amended complaint

supersedes and replaces in its entirety the previous pleading. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

Plaintiff names the following Defendants: (1) Phillip Hall, Warden/Superintendent at TSP; (2) Jacob Beasley, CERT Team Sergeant at TSP; and (3) Jorge Castro, former CERT Team Officer at TSP. (Doc. no. 30, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 6, 2016, Plaintiff was assigned as an orderly in the Special Management Unit ("SMU") reserved for misbehaving inmates. (Id. at 5.) SMU inmate Marquis Norwood broke out of his recreation pen and was hiding behind the security door when Plaintiff opened the door while performing his duties as an orderly. Id. Inmate Norwood attacked Plaintiff when he opened the door. (Id.) Defendant Castro, who had pepper spray and a Taser gun with him, ran toward the attack, but then ran away to look for his radio, leaving Plaintiff, a 69-year-old, alone during the attack. (Id. at 7.) Defendant Castro later returned with another officer in tow and subdued Inmate Norwood, but not before he had inflicted cuts, bruises, and stab wounds on Plaintiff during the attack. (Id.)

Defendant Hall is alleged to have known about problems with inmates breaking out of the SMU recreation pens, and in particular that Inmate Norwood had a past history of attacking fellow inmates. (Id. at 8.) Despite knowing about these problems, Defendant Hall did not have proper monitoring set up for the SMU recreation pens. (Id.) Defendant Beasley is alleged to have failed to regularly search SMU inmates, SMU recreation pens, and orderlies working in the

2

SMU dorm, thereby allowing weapons into the SMU area such as the one used to attack Plaintiff. (Id. at 9.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a viable Eighth Amendment claim for deliberate indifference to his safety against Defendant Castro. See Lane v. Philbin, 835 F.3d 1302, 1307-08 (11th Cir. 2016); Hadley v. Gutierrez, 526 F.3d 1324, 1330-31 (11th Cir. 2008); Murphy v. Turpin, 159 F. App'x 945, 948 (11th Cir. 2005) (observing inmate-on-inmate attack but failing to intervene *may*, if proved, satisfy subjective requirement of deliberate indifference claim).

As the Court has also advised by separate Report and Recommendation ("R&R") that Defendants Hall and Beasley, as well as any official capacity claims for monetary damages against Defendant Castro, be dismissed, the Court finds it appropriate to stay the deadline for responding to the amended complaint until the District Judge takes final action on the R&R. Any Defendant remaining in the case after the District Judge's ruling on the R&R must file a response to the amended complaint within fourteen days of entry of the District Judge's written Order. At that time, the defense must also inform the Court whether the motion to dismiss the original complaint will be withdrawn.

SO ORDERED this 15th day of May, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA