IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE GEORGE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-002 |
| | ) | |
| PHILLIP HALL, Warden/Superintendent; | ) | |
| JACOB BEASLEY, CERT Team Sergeant; | ) | |
| and JORGE CASTRO, Ex-CERT Team | ) | |
| Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and is proceeding *pro se* and *in forma pauperis* ("IFP"). On February 8, 2017, the Court screened Plaintiff's complaint and directed service of process on Defendants Hall, Beasley, and Castro based on Plaintiff's allegations of deliberate indifference to his safety. (See doc. no. 7.) On April 10, 2017, Defendants filed a pre-answer motion to dismiss and a motion to stay discovery. (Doc. nos. 18, 19.) Plaintiff opposed the motion to dismiss and requested to amend his complaint. (Doc. nos. 21, 22.) The Court stayed discovery pending resolution of the motion to dismiss, granted the motion to amend, and directed Plaintiff to file his amended complaint within fourteen days. (Doc. no. 26.)

Plaintiff complied with the Court's instructions and has filed his amended complaint. (Doc. no. 30.) As the Court previously explained to Plaintiff, the amended complaint supersedes and replaces in its entirety the previous pleading. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I. SCREENING OF THE AMENDED COMPLAINT

A. BACKGROUND

Plaintiff names the following Defendants: (1) Phillip Hall, Warden/Superintendent at TSP; (2) Jacob Beasley, CERT Team Sergeant at TSP; and (3) Jorge Castro, former CERT Team Officer at TSP. (Doc. no. 30, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 6, 2016, Plaintiff was assigned as an orderly in the Special Management Unit ("SMU") reserved for misbehaving inmates. (Id. at 5.) SMU inmate Marquis Norwood broke out of his recreation pen and was hiding behind the security door when Plaintiff opened the door while performing his duties as an orderly. Id. Inmate Norwood attacked Plaintiff when he opened the door. (Id.) Defendant Castro, who had pepper spray and a Taser gun with him, ran toward the attack, but then ran away to look for his radio, leaving Plaintiff, a 69-year-old, alone during the attack. (Id. at 7.) Defendant Castro later returned with another officer in tow and subdued Inmate Norwood, but not before he had inflicted cuts, bruises, and stab wounds on Plaintiff during the attack. (Id.)

Defendant Hall is alleged to have known about problems with inmates breaking out of the SMU recreation pens, and in particular that Inmate Norwood had a past history of attacking fellow inmates. (Id. at 8.) Despite knowing about these problems, Defendant Hall did not have proper monitoring set up for the SMU recreation pens. (Id.) Defendant Beasley is alleged to have failed to regularly search SMU inmates, SMU recreation pens, and orderlies working in the SMU dorm, thereby allowing weapons into the SMU area such as the one used to attack Plaintiff. (Id. at 9.)

### B.  DISCUSSION

#### 1.  Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Voluntarily Withdraws His Claims Against Defendants Hall and Beasley.

Although Plaintiff alleges misconduct by Defendants Hall and Beasley in his amended complaint, he goes on to state he "wish[es] to withdraw" his complaint against these two individuals. (Doc. no. 30, pp. 5-6, ¶¶ 4-5.) The Court construes these statements as a request to voluntarily dismiss these two Defendants under Fed. R. Civ. P. 41, and therefore these two Defendants should be dismissed from this case.

### 3. Plaintiff May Not Sue the Remaining Defendant in His Official Capacity for Monetary Damages.

As explained in a simultaneously entered Order, the case will proceed based on Plaintiff's Eighth Amendment claim in the amended complaint against Defendant Castro.

4

Because the markings on the amended complaint are not entirely clear, it is difficult to tell if Plaintiff is attempting to sue Defendant Castro in his individual and official capacity. (See doc. no. 30, pp. 3, 5.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Hall and Beasley, as well as any official capacity claims for monetary damages against Defendant Castro, be dismissed from this case.

SO REPORTED and RECOMMENDED this 15th day of May, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA