IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WILLIE GEORGE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 317-002 |
| ) | |
| JORGE CASTRO, Ex-CERT Team ) | |
| Officer, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. On May 15, 2017, the Court (1) screened Plaintiff's amended complaint, (2) recommended dismissing two defendants at Plaintiff's request and any official capacity claims for monetary relief, and (3) decided the claim against Defendant Castro for deliberate indifference to Plaintiff's safety will proceed. (See doc. nos. 31, 32.) Pending final action by the presiding District Judge on the recommendation for dismissal of two defendants and any official capacity claims for monetary relief, the Court stayed the deadline for responding to the amended complaint and notifying the Court whether the motion to dismiss filed with respect to the original complaint will be withdrawn. (Doc. no. 31, p. 3.)

In the meantime, Plaintiff filed a "Motion for Request of Clarification in Amended Complaint and of Alias Names." (Doc. no. 34.) In the motion, Plaintiff explains he does not

seek injunctive relief against Defendant Castro concerning a change in prison policy, relief he previously sought against supervisors at the prison prior to his voluntary dismissal of Defendants Hall and Beasley. (Id. at 2.) The Court has already made its recommendation with respect to dismissing official capacity monetary claims, and Plaintiff acknowledges no official capacity injunctive relief claims remain. Therefore, no further clarification on this point is necessary.

Plaintiff also seeks to clarify the status of alias names included in an exhibit to Defendants' motion to dismiss claims in the original complaint and asks the Court to correct alleged errors in the records of the Georgia Department of Corrections ("DOC"). (Id. at 3-4.) First, the alias names about which Plaintiff complains were included as part of an attachment to a motion to dismiss which may no longer have any relevance to this case. (Doc. no. 18-2, p. 40.) As defense counsel explained, the motion to dismiss regarding the original complaint sought to dismiss all claims "except a single, individual capacity damages claim against Defendant Castro." (Doc. no. 19-1, p. 3 n.1.) Moreover, filing an amended complaint generally renders moot any pending motion to dismiss the original complaint. Wimberly v. Broome, CV 615-023, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases), *adopted by*, 2016 WL 3360521 (S.D. Ga. June 14, 2016). Thus, the attachment about which Plaintiff complains likely no longer has any relevance to a motion requiring a ruling from this Court.

Second, the document is offered only as information collected during the institutional level investigation of a grievance Plaintiff filed regarding the incident forming the basis of this lawsuit, not as an official criminal history. (Doc. no. 18-2, pp. 10-11, ¶ 24.) It is offered to support an argument concerning exhaustion of administrative remedies, an argument that according to prior representations of counsel cited above, has no bearing on the remaining claim against Defendant Castro. To the extent Plaintiff is concerned the Court will penalize Plaintiff

2

for providing false information on his amended complaint concerning "all other names by which [he has] been known," (doc. no. 30, p. 2), he need not worry. The Court will not rely on an attachment to an exhibit offered for an alternate purpose to conclude Plaintiff may have provided false information that warrants the imposition of a penalty in this case. Likewise, the Court cannot rely on the handwritten criminal history Plaintiff attached to his motion to determine corrections to DOC records are necessary. (Doc. no. 34, p. 5.)

In sum, Plaintiff disclosed his name and prison identification number on the complaint, and the Court therefore need not delve into the propriety of any associated aliases. Plaintiff has not suffered any penalty or prejudice in this case based on the identification information provided in the amended complaint. To the extent Plaintiff believes there may be an issue with his DOC records, he must pursue any corrective action through DOC officials. Accordingly, the Court **DENIES AS MOOT** Plaintiff's "clarification" motion. (Doc. no. 34.)

SO ORDERED this 2nd day of June, 2017, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA