IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WILLIE GEORGE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 317-002 |
| | ) |
| JORGE CASTRO, Ex-CERT Team Officer, | ) |
| | ) |
| Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* in this case brought pursuant to 42 U.S.C. § 1983. The matter is before the Court on Defendant's pre-answer motion to dismiss. (Doc. no. 38.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss be **DENIED**.

I.  **BACKGROUND**

On February 8, 2017, the Court screened Plaintiff's complaint and directed service of process on Defendants Phillip Hall, Jacob Beasley, and Jorge Castro based on Plaintiff's allegations of deliberate indifference to his safety. (See doc. no. 7.) On April 10, 2017, those three Defendants filed a pre-answer motion to dismiss and a motion to stay discovery.

(Doc. nos. 18, 19.) Plaintiff opposed the motion to dismiss and requested to amend his complaint. (Doc. nos. 21, 22.) The Court stayed discovery pending resolution of the motion to dismiss, granted the motion to amend, and directed Plaintiff to file his amended complaint within fourteen days. (Doc. no. 26.)

Plaintiff complied with the Court's instructions and filed an amended complaint. (Doc. no. 30.) The amended complaint supersedes and replaces in its entirety the previous pleading. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Thus, the Court considers only the allegations of the amended complaint. Moreover, although Plaintiff originally named three Defendants, he voluntarily dismissed his claims against Warden Hall and CERT Team Sergeant Beasley. (See doc. no. 30, pp. 10-11.) Accordingly, the Court turns to the facts alleged against Defendant Castro, a former CERT Team Officer at TSP.

On May 6, 2016, Plaintiff was assigned as an orderly in the Special Management Unit ("SMU") reserved for misbehaving inmates, F-2 dormitory. (Id. at 5.) SMU inmate Marquis Norwood broke out of his recreation pen and was hiding behind the security door when Plaintiff opened the door while performing his duties as an orderly. (Id. at 5, 7.) Defendant Castro directed Plaintiff to open the security door, in violation of a Department of Corrections policy not to let an inmate open a security door, so that Plaintiff could access an area that needed water pushed off the floor. (Id. at 7.) Inmate Norwood attacked Plaintiff when he opened the door. (Id. at 5.)

Defendant Castro, who had CERT team training in self-defense and hand-to-hand combat, as well as pepper spray and a Taser gun with him, initially ran toward the attack. (Id. at

2

7.) However, Defendant Castro then "turned around and ran away" as Plaintiff fought for his life. (Id.) After looking for the radio he dropped, Defendant returned with another officer to subdue Inmate Norwood. (Id.) Plaintiff does not specify the length of time Defendant was gone, but states, "I could have been killed by the time he de[c]ided to return to help me." (Id.) Inmate Norwood attacked Plaintiff long enough to inflict cuts, bruises, and stab wounds on Plaintiff that required medical attention. (Id. at 5.)

## II. DISCUSSION

Defendant has now moved to dismiss Plaintiff's amended complaint arguing (1) Plaintiff failed to state a claim upon which relief may be granted prior to the attack because Defendant Castro had no subjective knowledge of a serious risk of imminent harm to Plaintiff; (2) Plaintiff failed to state a claim upon which relief may be granted after the attack commenced because Defendant Castro responded reasonably by waiting for another officer to arrive before intervening to stop the attack; (3) Defendant is entitled to qualified immunity, and (4) Plaintiff cannot pursue a claim for injunctive relief against Defendant Castro. (Doc. no. 38-1.) As explained below, Defendant's motion to dismiss should be denied.

### A. Legal Standard for Rule 12(b)(6) Motion

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). The Court must accept as true all facts alleged in the amended complaint and draw all reasonable inferences in Plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); American Dental Ass'n

v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (citation omitted). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. The Motion to Dismiss Should Be Denied as Moot as to Defendant's Conduct *Prior To* the Attack and as to Any Request for Injunctive Relief.

In moving to dismiss any claims based on conduct prior to the attack on Plaintiff, Defendant Castro acknowledges "it does not appear that [Plaintiff] attempts to do so." (Doc. no. 38-1, p. 5.) In his response to the motion to dismiss, Plaintiff confirms that any claims

4

related to alleged actions prior to the attack were raised against the two Defendants whom Plaintiff voluntarily dismissed. (Doc. no. 41, pp. 5-6.) Plaintiff specifically acknowledges his claim against Defendant Castro is for the actions taken once the attack by Inmate Norwood began. (Id. at 6.) Therefore, to the extent Defendant moves to dismiss any claim related to actions prior to the attack, because there are no such allegations raised against Defendant Castro, the motion should be denied as moot as to ground one.

Similarly, Plaintiff has at least twice disavowed any claim for injunctive relief. On May 30, 2017, after the Court screened the amended complaint, Plaintiff acknowledged his dismissal of Warden Hall and Sergeant Beasley did away with his injunctive relief claim. (Doc. no. 34, p. 2.) Likewise, in response to the motion to dismiss, Plaintiff again confirmed he had no claim for injunctive relief against Defendant Castro. (Doc. no. 41, p. 13.) Because there are no remaining claims for injunctive relief in the case, the motion should be denied as moot as to ground four.

### C. Plaintiff States a Valid Claim of Deliberate Indifference to Safety.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). "Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must

5

allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

As the Eleventh Circuit explained,

When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Because "a risk of harm to some degree always exists by the nature of its being a [prison]," not every condition rises to the level of an Eighth Amendment violation. Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Lane, 835 F.3d at 1308 (citing Farmer, 511 U.S. at 837). Stated otherwise, a prison official may be held liable "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

Citing a footnote in Johnson v. Boyd, 568 F. App'x 719 (11th Cir. 2014), Defendant asserts that an officer observing a fight between inmates has no duty to intervene where there is no separate alleged constitutional violation.[1] In Johnson, the Eleventh Circuit found the plaintiff failed to state a claim for failure to intervene where another inmate attacked the plaintiff but the complaint lacked any allegations about the duration of the fight or that "the officers waited an unreasonable amount of time to intervene after Hanley attacked [the plaintiff]." 568 F. App'x at 722. The court stated:

> The district court partially construed Johnson's complaint as a "failure to intervene" claim, citing Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998), which holds that an officer has a duty to intervene if he observes a constitutional violation and is in a position to intervene. (Doc. 33 at 4–5). While it is well settled that Ensley applies to situations where one officer observes a fellow officer violating a constitutional right, typically by using excessive force, *we have not explicitly adopted this holding in a situation involving an officer observing a fight between inmates*.

Id. at 722 n.2 (emphasis added).

Despite this footnote, the Eleventh Circuit has held that a prison official can be liable under the Eighth Amendment for failing to take reasonable steps to intervene on behalf of the victim of an ongoing assault by another inmate. Murphy v. Turpin, 159 F. App'x 945, 948 (11th Cir. 2005) (*per curiam*) (applying deliberate indifference standard to claim prison official failed to intervene in inmate-on-inmate assault). "Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional

---

[1] The Court has previously rejected this argument when raised by a state correctional officer. See Smith v. Andrews, No. CV 114-206, 2015 WL 4716037 (S.D. Ga. Aug. 7, 2015), *adopted by* 2015 WL 5334222 (S.D. Ga. Sept. 10, 2015).

violation occurs in their presence." Terry, 376 F. App'x at 896 (citing Ensley, 142 F.3d at 1407). "However, in order for liability to attach, the officers must have been in a position to intervene." Id. (citation omitted). Indeed, the Eleventh Circuit in Johnson found that a failure to intervene claim, similar to a failure to protect claim, would require allegations that (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury. See 568 F. App'x at 724-25.

Here, Plaintiff's allegations satisfy the *prima facie* elements of an Eighth Amendment failure to intervene claim. First, Inmate Norwood's assault created an objective risk of substantial injury to Plaintiff. Second, Plaintiff alleges Defendant was subjectively aware of the assault because he first ran toward the attack in progress. Defendant assumes, *arguendo*, these first two elements were sufficiently alleged. (Doc. no. 38-1, p. 8.) Third, the complaint infers Defendant was in a position to intervene by alleging he had pepper spray and a Taser gun with him. Fourth, the complaint infers Defendant did not respond reasonably to the risk by alleging he ran away from the attack while Inmate Norwood continued to assault Plaintiff for a period of time long enough to inflict cuts, bruises, and stab wounds on Plaintiff.

Defendant points out Plaintiff did not "state the duration of the fight or the amount of time that passed while Defendant Castro allegedly" ran away from the fight. (Id. at 11.) Defendant also contends he acted "in a constitutionally acceptable fashion" by calling for a backup officer before intervening in an altercation where he would have been outnumbered

and facing an armed inmate. (Id.) However, at this early stage of the case, the Court must draw all reasonable inferences in Plaintiff's favor. See Erickson, 551 U.S. at 93-94. Plaintiff alleges he (1) "could have been killed by the time [Defendant] de[c]ided to return to help me," and (2) Defendant did not intervene for a long enough period of time that Plaintiff sustained multiple injuries requiring medical attention. (Doc. no. 30, pp. 5, 7.) Moreover, that Inmate Norwood was armed is not necessarily dispositive of the issue of the reasonableness of Defendant's response because Plaintiff has alleged Defendant possessed pepper spray and a Taser gun. (Id. at 7.)

Accordingly, Defendant's motion to dismiss for failure to state a claim upon which relief can be granted as argued in ground two must fail.

### D. Plaintiff Alleges Facts Sufficient to Survive Dismissal on the Basis of Qualified Immunity.

#### 1. Qualified Immunity Standard

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A defendant carries the initial burden of showing that the contested actions fall within his discretionary authority. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004). To determine whether a government official's actions fall within his discretionary authority, the Court must "assess whether [the actions] are of a type that fell within the employee's job responsibilities." Id. at 1265.

Once a defendant shows he was engaged in a discretionary function, then the burden shifts to the plaintiff to show (1) violation of a constitutional right; and (2) the right violated was clearly established at the time. Gilmore v. Hodges, 738 F.3d 266, 272 (11th Cir. 2013) (citing Pearson, 555 U.S. at 232). Plaintiff can demonstrate that the right violated was clearly established in three ways.

First, the conduct involved in the case may "so obviously violate[ ] th[e] constitution that prior case law is unnecessary." Terrell v. Smith, 668 F.3d 1244, 1257 (11th Cir. 2012). Second, Plaintiff may show that "a materially similar case has already been decided" at the time of the incident by the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court. Id. at 1255. This category consists of cases where "judicial precedents are tied to particularized facts." Id. (citing Vinyard v. Wilson, 311 F.3d 1340, 1351 (11th Cir. 2002).) In assessing whether previous cases clearly establish the law, courts ask whether the factual scenario that the official faced "is fairly distinguishable from the circumstances facing a government official in a previous case. If so, the cases are not materially similar and, thus, provide insufficient notice to the official to clearly establish the law." Id. at 1256 (omitting internal quotation marks and citing Vinyard, 311 F.3d at 1352).

Third, Plaintiff can point to a "broader, clearly established principle [that] should control the novel facts [of the] situation. [S]ome broad statements of principle in case law are not tied to particularized facts and can clearly establish law applicable in the future to different sets of detailed facts." Id. (citations omitted). However, the principle must be established with "'obvious clarity' by the case law so that 'every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when

the official acted.'" Id. (citation omitted). That is, "in light of pre-existing law the unlawfulness must be apparent." Id. (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987).)

### 2. The Complaint Sufficiently Alleges Violation of a Clearly Established Constitutional Right.

Here, Defendant has satisfied the threshold requirement of showing he was acting within the scope of his discretionary authority when supervising Plaintiff performing his duties as an orderly. Plaintiff does not dispute the point. (See doc. no. 41, p. 12.) Accordingly, the Court must determine whether Plaintiff alleges a violation of a constitutional right that was clearly established at the time of the violation. Gilmore, 738 F.3d at 272.

Plaintiff alleges Defendant was subjectively aware of Inmate Norwood's assault, was in a position to intervene, and did not respond reasonably. In May 2016, it was clearly established that prison officials have a duty to afford inmates reasonable protection from a known danger, including violence by other inmates. See Farmer, 511 U.S. at 832-33 ("[O]fficials . . . must 'take reasonable measures to guarantee the safety of the inmates,' . . . In particular, as the lower courts have uniformly held, and as we have assumed, 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'"); Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 619-20 (11th Cir. 2007) ("[A] prison official violates the Eighth Amendment if he responds to a known risk 'in an objectively unreasonable manner' . . . [*i.e.*,] if 'he knew of ways to reduce the harm but knowingly declined to act' or if 'he knew of ways to reduce the harm but recklessly declined to act.'"); Hopkins v. Britton, 742 F.2d

1308, 1310 (11th Cir. 1984) ("[W]hen prison officials are or should be aware of a danger posed to an inmate, they are obligated to take all reasonable steps to protect him, and the failure to do so may be an actionable wrong." (citing Gullatte v. Potts, 654 F.2d 1007 (5th Cir. Unit B, Aug. 1981)); see also Addison v. Arnett, No. CV 213-71, 2015 WL 1519534, at *9 (S.D. Ga. Mar. 31, 2015) ("It was clearly established in May 2010 that prison officials have a duty to intervene when witnessing an assault of an inmate and can be liable for their failure to do so."); Terry, 376 F. App'x at 896; Murphy, 159 F. App'x at 948.

Accordingly, Plaintiff has sufficiently alleged facts that, if proven to be true, would show the violation of a clearly established constitutional right.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss be **DENIED**. (Doc. no. 38.) Plaintiff has disavowed any claims against Defendant Castro based on actions prior to the attack by Inmate Norwood, as well as any claims for injunctive relief. The case should proceed against Defendant Castro only on the individual capacity claim for money damages based on the actions taken after Inmate Norwood attacked Plaintiff.

SO REPORTED and RECOMMENDED this 14th day of November, 2017, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA