IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE GEORGE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-002 |
| | ) | |
| JORGE CASTRO, Ex-CERT Team | ) | |
| Officer, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**

_____

Plaintiff, who commenced this case *pro se* and *in forma pauperis*, filed a "Motion for Order Compelling Discovery," in which he seeks an order directing Defendant Castro to produce certain documents pursuant to Federal Rule of Civil Procedure 34. (Doc. no. 53.) The filing does not contain a certificate of service, as is required by Local Rule 5.1, showing that his motion was served on defense counsel. Nor does it contain, as is required by Local Rule 26.5, a statement that Plaintiff has made a good faith effort to resolve this discovery dispute with defense counsel.

Plaintiff previously received instructions about the requirements for his filings, including the necessity for a certificate of service in accordance with Local Rule 5.1. (See doc. no. 7, p. 4.) Even if Plaintiff had included a certificate of service, the motion to compel also runs afoul of Local Rule 26.5, about which the Court previously informed Plaintiff:

> If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the

problem; if Plaintiff proceeds with the motion to compel, he should file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

(Id. at 6.)

The duty-to-confer prerequisite is not an empty formality. Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at \*4 (S.D. Ga. Sept. 15, 2010). Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion). Moreover, one letter or discovery request, which simply demands that Defendant accede to every demand for information from Plaintiff, can hardly be considered to qualify as a good faith effort to confer and attempt to resolve a dispute. See Whitesell Corp. v. Electrolux Home Prods., Inc., CV 103-050, 2015 WL 5316591, at \*5 (S.D. Ga. Sept. 10, 2015) (collecting cases); Curry v. Day, CV 114-173, doc. no. 23, pp. 2-3 (S.D. Ga. Apr. 15, 2015) (applying good faith requirement in prisoner plaintiff case).

As Defendant explains, Plaintiff apparently signed his motion to compel before the thirty-three days allowed for responding to his discovery requests under the Federal Rules of Civil Procedure had expired, and before defense counsel had even received Plaintiff's letter explaining he intended to file a motion to compel. (See doc. no. 54, pp. 2-3, Exs. A-C.) Indeed, it appears Plaintiff signed his letter to defense counsel on January 11, 2018, and signed his motion to

compel on January 17, 2018.  (Cf. doc. no. 53, p. 2 with doc. no. 54, Ex. B.)  Accordingly, the Court **DENIES** Plaintiff's motion (doc. no. 53) based on the failure to comply with the service requirement of Local Rule 5.1 and the good faith requirement of Local Rule 26.5, which incorporates the requirements of the Federal Rules of Civil Procedure.  See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).  Because the Court denies the motion to compel, the Court also **DENIES** Plaintiff's request for the imposition of $600 in sanctions against Defendant.  See Fed. R. Civ. P. 37(a)(5).

Defendant's response to the motion to compel confirms he has provided to Plaintiff all responsive materials in his possession covered by the discovery requests.  (See doc. no. 54, pp. 8-9, Ex. C.)  Once Plaintiff reviews the materials provided by Defendant, if he still believes he has a discovery dispute, he should follow the instructions outlined above and provided in the Court's prior order, (doc. no. 7), before seeking relief from the Court.

SO ORDERED this 1st day of February, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.